UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
EDISON YOBANY BALBIN GAVARIA, )
      Petitioner,            )
                             )
      v.                     )   C.A. No.  06-12142-MLW
                             )
UNITED STATES OF AMERICA,    )
      Respondent.            )
```

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                    February 15, 2010

I.   INTRODUCTION

On November 20, 2006, <u>pro</u> <u>se</u> petitioner Balbin Gavaria, a prisoner in custody at the United States Penitentiary Allenwood, in Montgomery, Pennsylvania, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (the "§2255 Motion"). The §2255 motion is essentially unintelligible, as it is simply a string of legal phrases.  Petitioner structured these allegations within four different grounds.  Therefore, the court is addressing what it perceives as the five separate claims for relief contained in those grounds: (1) lack of jurisdiction; (2) prosecutorial misconduct; (3)ineffective assistance of counsel; (4) Violation of right to a speedy trial; and (5) plea under duress.  The court has construed the petition liberally because the petitioner is <u>pro</u> <u>se</u>. See <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Instituto de Education Universal Corp. v. U.S. Dept. of Ed.</u>, 209 F.3d 18, 23 (1st Cir. 2000).  Nevertheless, for the reasons discussed below, the §2255

1

motion is being denied without an evidentiary hearing.

II. PROCEDURAL BACKGROUND

On November 7, 2001, petitioner (at the time identified as Hernan Lnu) was charged in a second superseding indictment with conspiring to possess with intent to distribute, and distribution of cocaine, in violation of 21 U.S.C. §§846 and 841(b)(1)(A)(ii). Second Superseding Indictment at 2. On July 20, 2002, petitioner was apprehended in Columbia. Aff. of Gavaria in Supp. of Mot. For. Downward Depart. at 1. Petitioner was held in Columbia for thirteen months prior to his extradition to the United States on August 10, 2003. Id. On May 23, 2005, petitioner pled guilty to conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §846. May 23, 2005 Tr. at 14-19. On November 22, 2005, this court sentenced petitioner to 87 months imprisonment to be followed by four years of supervised release. Nov. 22, 2005 Tr. at 36. Upon his release from custody, petitioner will likely be deported. Plea Agreement at 2.

The instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 was timely. Respondent filed an opposition to petitioner's §2255 and a request for summary dismissal. Petitioner filed a response, opposing the government's motion for summary dismissal.

2

III. DISCUSSION

    A.   <u>Legal Standard for Summary Dismissal</u>

    As an initial matter, the court finds that this petition may be dismissed without an evidentiary hearing.  The First Circuit elaborated the test for granting an evidentiary hearing in a §2255 proceeding in <u>United States v. McGill</u>, 11 F.3d 223 (1st Cir. 1993).  As the First Circuit wrote:

> When a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing.  <u>See</u> <u>Mack v. United States</u>, 635 F.2d 20, 26-27 (1st Cir. 1980); <u>United States v. DiCarlo</u>, 575 F.2d 952, 954 (1st Cir. 1978), <u>cert. denied</u>, 439 U.S. 834 (1978).  In determining whether the petitioner has carried the devoir of persuasion in this respect, the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets.
>
> We have distilled these principles into a rule that holds a hearing to be unnecessary "when a §2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." <u>Moran v. Hogan</u>, 494 F.2d 1220, 1222 (1st Cir. 1974).  In other words, a "§2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." <u>Shraiar v. United States</u>, 736 F.2d 817, 818 (1st Cir. 1984)(citations omitted).

<u>Id.</u> at 225-26 (some citations omitted); <u>see also</u> <u>United States v. Panitz</u>, 907 F.2d 1267 (1st Cir. 1990).

    B.   <u>Ground One: Lack of Jurisdiction</u>

    Petitioner alleges that this court lacked jurisdiction to adjudicate a criminal prosecution against him.  This allegation is

without merit because "a federal district court plainly possesses subject-matter jurisdiction over drug cases." Prou v. United States, 199 F.3d 37, 45 (1st Cir. 1999) (citing 18 U.S.C. §3231 (conferring original jurisdiction "of all offenses against the laws of the United States.")).  "This jurisdiction necessarily includes the imposition of criminal penalties." Prou, 199 F.3d at 45.

Petitioner was charged with possession of cocaine with intent to distribute, and distribution of cocaine in violation of 21 U.S.C. §846 and §841(b)(1)(A)(ii).  Second Superceding Indictment at 2.  These are drug crimes over which the court had subject-matter jurisdiction.  See 18 U.S.C. §3231; Prou, 199 F.3d at 45. Petitioner has presented no facts to support his claim that jurisdiction was lacking.  Because petitioner's allegations are conclusory and contradicted by the record, the court does not accept them as true and no hearing is required on this issue.  See Shraiar, 736 F.2d at 818.

C.   Ground Two: Prosecutorial Misconduct

Petitioner alleges prosecutorial misconduct, and seems to argue that a conspiracy to detain him "by pretense" existed between the prosecution and petitioner's defense attorney.  Determining whether there is prosecutorial misconduct necessitates a fact specific analysis.  See, e.g., United States v. Ayala-Garcia, 574 F.3d 5, 8 (1st Cir. 2009).  While making a general allegation of misconduct, petitioner has presented no facts upon which the court

4

can determine whether if proven, petitioner would be entitled to relief.  See Nieves v. United States, 382 F.Supp.2d 237, 240 (D. Mass 2005). Because petitioner's allegations are conclusory the court does not accept them as true.  See Shrariar, 736 F.2d at 818. Moreover, the allegations are inconsistent with the record in which there is no evidence or even suggestion of collusion between the prosecutor and the petitioner's attorney.  See generally May 23, 2005 Transcript ("Tr."); Nov. 22, 2005 Transcript ("Tr."). Therefore, an evidentiary hearing on this issue is not necessary. See Shrariar, 736 F.2d at 818.

    D.   Ground Three: Ineffective Assistance of Counsel and Sixth Amendment Violation

In Ground Three, petitioner makes two separate allegations, first that he received ineffective assistance of counsel and second that his Sixth Amendment Right to a jury trial was violated.

    1.   Ineffective Assistance of Counsel

To succeed on an a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) that counsel's performance fell below an objective standard of reasonable effectiveness; and (2) that counsel's deficient performance was so prejudicial as to undermine confidence in the outcome of the trial.  See Strickland v. Washington, 466 U.S. 688, 689-99 (1984); Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996).  This two-prong inquiry also applies to cases in which the defendant pled guilty.  See

Panzardi-Alvarez v. United States, 879 F.2d 975, 982 (1st Cir. 1989).

When reviewing counsel's performance, "[j]udicial scrutiny of counsel's performance must be highly deferential, [and] every effort [should] be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Moreover, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

The "prejudice" element of an ineffective assistance claim presents another "high hurdle." See Argencourt, 78 F.3d at 16. To show prejudice, a claimant must affirmatively prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner has not described any alleged instances where his attorney's performance fell bellow a reasonable standard of effectiveness and where this deficient performance prejudiced him in some way. See Strickland, 466 U.S. at 694; see also Bousley v. Brooks, 97 F.3d 284, 288 (8th Cir. 1996). There is no indication on the record that petitioner's attorney was ineffective. See

generally May 23, 2005 Tr; Nov. 22, 2005 Tr. In fact, the record indicates the contrary. See Bousley, 97 F.3d at 288. Petitioner's attorney made numerous objections to the Pre-Sentencing Report, wrote a lengthy sentencing memorandum asserting the petitioner's interest in obtaining the benefit of the "safety valve" provided by U.S.S.G. §5C1.2, and arguing for a downward departure or a variance based 18 U.S.C. §3553 factors. See Def. Sent. Mem. at 2,4,7; Nov. 22, 2005 Tr. at 20. He also was well-prepared at petitioner's sentencing hearing. See Nov. 22, 2005 Tr. at 20. Additionally, the petitioner stated on the record that he was satisfied with his attorney. See May 23, 2005 Tr. at 10. The Rule 11 hearing contained the following colloquy:

> THE COURT: I think I asked you this before. Are you fully satisfied with [Mr.Cunha's] work as your lawyer in this case?
>
> THE WITNESS: Yes, sir.

May 23, 2005 Tr. at 10. Such solemn declarations in open court carry a strong presumption of truth. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Because petitioner's allegations are conclusory and contradicted by the record, the court does not accept them as true. See Panzardi-Alvarez, 879 F.2d at 982; Shraiar, 736 F.2d at 818. Therefore, a hearing on this issue is not necessary. See Shraiar, 736 F.2d at 818.

2.   <u>Violation of Sixth Amendment Right to Speedy Trial</u>

The petitioner also argues that his Sixth Amendment right to a speedy trial was violated.  However, petitioner was not entitled to a speedy trial because he waived his right to a trial.  "Criminal defendants typically may waive their rights, as long as they do so voluntarily and with knowledge of the general nature and consequences of the waiver."  <u>United States v. Teeter</u>, 257 F.3d 14, 21 (1st Cir. 2001); <u>see</u> <u>Adams v. United States</u>, 317 U.S. 269, 274 (1942) (discussing waiver of right to jury trial).  "Indeed, guilty pleas are a staple of our criminal justice system – and a guilty plea inevitably entails a waiver of numerous rights ... a waiver of the right to a jury trial is a good example."  <u>Teeter</u>, 257 F.3d at 21.  For such a waiver to be valid, the plea agreement should contain a clear statement elucidating the waiver and deliniating its scope, and the court's interrogation at the plea hearing should suffice to ensure that the defendant freely and intelligently agreed to waive his rights.  <u>See United States v. Figueroa-De-La-Cruz</u>, 128 Fed. App'x.775, 776 (1st Cir. 2005).

Here, by pleading guilty, petitioner waived his right to a jury trial.  <u>See Teeter</u>, 257 F.3d at 21.  The record indicates that petitioner's decisions were knowing and voluntary.  <u>See generally</u> May 23, 2005 Tr; Nov. 22, 2005 Tr.  While the plea agreement does not expressly state petitioner's waiver of a jury trial, the waiver can be inferred petitioner's adoption of the "Acknowledgment of

Plea Agreement." Plea Agreement at 8.   This section of the Plea Agreement presented two mutually exclusive options for the petitioner, a trial or pleading guilty.   Plea Agreement at 8. Furthermore, the Rule 11 hearing included the following:

> THE COURT: Do you understand that if I accept your plea of guilty, you'll be giving up your right to a trial, and there will be no trial?
>
> THE WITNESS: Yes, sir.

May 23, 2005 Tr. at 12.   Therefore, petitioner knew he was giving up his right to a speedy trial by pleading guilty and did so knowing and voluntarily.   See Blackledge, 431 U.S. at 73-74.

Since petitioner's conclusory allegation is refuted by the record, petitioner is not entitled to an evidentiary hearing on the third ground of his petition.   See Fiqueroa-De-La-Cruz, 128 Fed. App'x at 776; Shraiar, 736 F.2d at 818.

E.   Ground Four: Plea Under Duress

Petitioner claims that he admitted guilt under duress. "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.   If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack."   United States v. Broce, 488 U.S. 563, 569 (1989).   When determining the voluntariness of a guilty plea the facts surrounding the plea bargain are subject to a deferential

presumption of correctness.  <u>See</u> <u>Lesko</u>, 925 F.2d at 1537.

Petitioner's allegations that he pled guilty under duress are contradicted by the record.  <u>See</u> <u>generally</u> May 23, 2005 Tr; Nov. 22, 2005 Tr.  In the "Acknowledgment of the Plea Agreement" signed by petitioner, he adopted as true the statement, "I understand the crimes to which I have agreed to plead guilty.... I am entering into this agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and believe the agreement is in my best interest." Plea Agreement at 8.  At both the Rule 11 hearing and at Sentencing, petitioner admitted he committed the crime with which he was charged and stated that he was not forced to plead guilty.  During the Rule 11 hearing, the following exchange took place:

> THE COURT: Has anybody threatened you or tried to force you to plead guilty?
>
> THE WITNESS: No, Sir.
>
> ....
>
> THE COURT: And now knowing what I've told you about the law and knowing the charge, did you commit the crime charged in count 1?
>
> THE WITNESS: Yes, your Honor.
>
> ....
>
> THE COURT: And how do you wish to plead to the one count against you, guilty or not guilty?
>
> THE WITNESS: Guilty.

May 23, 2005 Tr. at 6, 13-14, 19; <u>see</u> <u>Blackledge</u>, 431 U.S. 73-74.

The petitioner again admitted his guilt at the sentencing hearing
when he stated:

> THE DEFENDANT: Your Honor, I want to say that I am
> very sorry for the crime I committed.  For the
> people that I have harmed through my actions.

Nov. 22, 2005 Tr. at 31; <u>see</u> <u>Blackledge</u>, 431 U.S. 73-74.    Since
petitioner presents only a conclusory allegation, and the
allegation is once again contradicted by the record, the court does
not accept the allegation as true and no evidentiary hearing is
necessary.  <u>See</u> <u>Shraiar</u>, 736 F.2d at 818.

### F.   <u>Conclusion</u>

Petitioner has not met his burden of establishing that an
evidentiary hearing is necessary or that he is entitled to relief
under §2255.  <u>See</u> <u>McGill</u>, 11 F.3d 233; <u>Mack</u>, 635 F.2d at 27.
Therefore, the court is granting respondent's motion for summary
dismissal.

## VI.  CERTIFICATE OF APPEALABILITY

Pursuant the Rules Governing Section 2255 Proceedings the
court must "issue or deny a certificate of appealability [("COA")]
when it enters a final order adverse to the party." Rule 11.  The
right of appeal from denial of a writ of habeas corpus is governed
by the COA requirements of the Antiterrorism and Effective Death
Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996)
("AEDPA").  <u>See</u>  28 U.S.C. §2253; <u>Petrocelli v. Agelone</u>, 248 F.3d
877, 883 (9th Cir. 2001).  A COA will issue "only if the applicant

has made a substantial showing of the denial of a constitutional
right." 28 U.S.C. §2253(c)(2); see Miller-El v. Cockrell, 537 U.S.
322, 323 (2003). The applicant "must demonstrate that reasonable
jurists would find the district court's assessment of the
constitutional claims debatable or wrong." Id. at 324. A claim
"can be debatable even though every jurist of reason might agree,
after the COA has been granted and the case has received full
consideration, that the petition will not prevail." Id.
Additionally, the "issuance of a COA must not be pro forma or a
matter of course" because by enacting AEDPA "Congress confirmed the
necessity and the requirement of differential treatment for those
appeals deserving of attention from those that plainly do not."
Id. at 337.

     The instant appeal can be disposed of properly by looking at
the soundness of the court's decision. Because petitioner
presented only conclusory allegations, which the court had to
discern from an incomprehensible motion, and those allegations are
contradicted by the record, a reasonable jurist would not find the
court's assessment of these constitutional claims in this case
debatable. See United States v. Wacker, 173 F.3d 865 (Table) (10th
Cir. 1999) (holding that petitioner's allegations containing
conclusory allegations or incomprehensible arguments did not show
a denial of any constitutional right and so denying the COA
request); United States v. Pena-Baez, 09-3262, 2009 WL 5126127 *1

12

(10th Cir. Dec. 30, 1999) (denying relief on §2255 because of petitioner's conclusory allegations COA was denied).   Since a substantial showing of a denial of a constitutional right has not been demonstrated, a COA is not being granted.   See Miller-El, 537 U.S. at 323.

VII. ORDER

Accordingly, it is hereby ORDERED that:

1. The Government's Opposition To Petitioner's §2255 Motion and Request for Summary Dismissal Or, In The Alternative, Motion for Order Regarding Petitioner's Claim of Ineffective Assistance of Counsel (Docket No. 6) is ALLOWED.

2.  The Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, Or Correct Sentence (Docket No. 1) is DENIED.

3.  A Certificate of Appealability is DENIED.


     /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE